[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff Maurits Vandereerden files this action for a temporary injunction to compel the defendant Yale School of Management (SOM) to award him his MBA degree four days hence at the graduation ceremonies on May 22, 2000. The plaintiff has successfully completed all of the course work necessary to receive his degree. However, on May 9, 2000, the Discipline Committee of Yale SOM imposed a term of suspension from the school (not to begin until May 17, 2000, to allow the plaintiff to finish his course work at the SOM facilities) lasting until December 2000, at which point the suspension will end. Specifically included as part of the decision was the vote to withhold the plaintiffs degree until the end of the suspension period.
The plaintiff alleges that this determination by the Discipline Committee, confirmed thereafter by the Dean of SOM, exceeded the powers of the committee specifically enumerated in the Bulletin of Yale University School of Management 1999-2000, and as such constitutes a breach of the contract that exists between the plaintiff and the defendant. He alleges that he will suffer irreparable harm if he is not allowed to participate in the graduation ceremonies, especially in being omitted from the list of those upon whom degrees are to be conferred. Further he alleges that the deferral of his degree award will interfere with the job opportunity for which he has already been hired: a position CT Page 6580 in the London office of J.P. Morgan and Company in the Investment Banking Division.
He does not base his claim on any procedural irregularities in the conduct of the disciplinary proceedings, a course set in motion by an incident on April 28-29, 2000, in which Mr. Vandereerden was found to have physically impeded the movements of a female student and to have physically intimidated other students at the SOM Spring Formal. Rather his claim is that the action of the Committee in withholding his degree for six months is beyond the scope of the punishments defined in the Bulletin. In fact the portion of the Bulletin that relates to Policies and Procedures of the Discipline Committee provides as follows:
 If the committee finds an infraction or violation, it will then decide on an appropriate punishment. Among the possible punishments that can be meted out by the committee are reprimands, probation, suspensions for a specific time period, and in serious cases, expulsion.
Bulletin, p. 95.
The plaintiff points out that nowhere in the Bulletin is there specific language that permits the committee to punish through the postponement of the award of a degree. Moreover, he claims that the absence of any precise definition of "suspension" means that the school is obliged to confine the scope of a suspension to its narrowest limits, such as a prohibition against use of the facilities, rather than a scope that would include withholding of any benefits otherwise available to students who are in good standing. He argues that the provision of the Bulletin that defines the requirements for receiving the MBA degree obligate the defendant to confer the degree and its ceremonial trappings upon him on schedule. The provision to which he refers reads:
 To qualify for the MBA degree, students must at all times meet the conditions to continue as a degree candidate, and must meet all [course and grade] requirements . . .
Bulletin, p. 15.
The defendant has presented evidence that a student who is on suspension is not a degree candidate. But even without such evidence, the court can construe the term "suspension" as it is commonly understood. A student under suspension is not entitled to enjoy the benefits of the institution from which he is suspended until such time as the suspension CT Page 6581 expires or is terminated. The word requires no further definition. If classes are still in session, the student cannot attend class. If graduation is happening, the student cannot graduate with his class but will have to wait.
And so it is here. The defendant graciously withheld the invocation of the suspension for over a week to allow the plaintiff, in his final year, to finish his course work. It has conceded that it will acknowledge upon proper inquiry by the plaintiffs employer or others that the plaintiff has indeed completed all of the academic work required for the MBA degree. But until the suspension has run its course, the defendant remains suspended from candidacy for the degree.
To prevail on an application for temporary injunction, the plaintiff must demonstrate that he is likely to succeed on the merits; that there is no adequate remedy at law; that he will be irreparably harmed if relief is not granted; and that the balance of equities favors the relief requested. See, e.g., Griffin Hospital v. Commission on Hospitals andHealth Care, 196 Conn. 451, 457-61 (1985).
The court finds no merit to the plaintiffs claim that there has been a breach of contract by the defendant. Accordingly, he has failed to meet the requirements for a temporary injuction and the application of the plaintiff is DENIED,
PATTY JENKINS PITTMAN, JUDGE.